**MARK S. GURALNICK**
*A Professional Corporation*
By: Mark S. Guralnick, Esq. **(MG9626)**
Bloomfield Business Park
411 Bloomfield Drive, Suite 5
West Berlin, New Jersey 08091
Phone: (856) 768-7900
Fax: (856) 809-0800
Email: guralnicklaw@hotmail.com
*Attorney for the Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL RUGA,** | CIVIL ACTION |
| *Plaintiff* | |
| v. | |
| **ANNETTE MARIA OAKLEY,** a/k/a Annette M. Oakley, a/k/a Annette Maria Oakley, Esq., | NO. 09-5347 (NLH) |
| and | |
| **DANIEL SCOTT PERRINE,** a/k/a D. Scott Perrine, Esq., | |
| and | **COMPLAINT AND DEMAND FOR TRIAL BY JURY** |
| **OAKLEY & PERRINE,** *and its successors and assigns* | |
| *Defendants* | |

Plaintiff, Daniel Ruga, by and through his attorney, Mark S. Guralnick, Esq., hereby files this

Complaint against the Defendants named above, and respectfully represents the following:

## I. JURISDICTION AND VENUE

1. This court has jurisdiction under 28 U.S.C. § 1332, based on the diversity of citizenship of the parties and the amount in controversy. The plaintiff is a resident and citizen of the state of New Jersey, and the defendants are all residents and citizens of the Commonwealth of Pennsylvania. The amount in controversy exceeds $100,000, exclusive of costs and interest.

2. Venue is proper in the United States District Court for the District of New Jersey insofar as the cause of action arises in this district and the parties against whom the claims are made are otherwise subject to the jurisdiction of the court in this venue.

## II. THE PARTIES

1. Plaintiff Daniel Ruga is, and at all times material hereto, was an adult individual residing at 355 Millville Avenue, Milmay, New Jersey, and he is a citizen and resident of the State of New Jersey.

2. Defendant Annette Maria Oakley, also known as Annette M. Oakley, also known as Annette Maria Oakley, Esq. is, and at all times material hereto, was, an adult individual, residing in the Commonwealth of Pennsylvania at 2015 South 11th Street, Philadelphia, Pennsylvania, and practicing law at 691 Washington Crossing Road, Newtown, Pennsylvania, and was at all material times a citizen of the Commonwealth of Pennsylvania, who maintained minimum, regular and ongoing contacts with the State of New Jersey.

3. Defendant Daniel Scott Perrine, also known as D. Scott Perrine, Esq. is, and at all material times, was an adult individual residing in the Commonwealth of Pennsylvania, last known to be residing at the Pennsylvania State Correctional Institution in Camp Hill, Pennsylvania, who is a citizen and resident of the Commonwealth of Pennsylvania and who also maintains regular ongoing and continuing contacts with the State of New Jersey.

4. Defendant Oakley and Perrine is a law firm based in the Commonwealth of Pennsylvania,

which is a citizen of Pennsylvania and which does business or previously did business in the Commonwealth of Pennsylvania at 223 South Sartain Street, Philadelphia, Pennsylvania, and which transacts and conducted business on an ongoing and regular basis in the State of New Jersey.

## III. CAUSES OF ACTION

### COUNT ONE

1. In or about June of 2005, Plaintiff retained the Defendants to represent him in a legal claim for damages in connection with his business known as Vineland Metal Works Limited Liability Company t/a Vineland Metal Works, L.L.C. and one or more other business or real estate ventures.

2. Pursuant to the terms of Retainer Agreement signed by the Plaintiff and the Defendants, the Defendants were to provide legal services to the Plaintiff in the Superior Court of New Jersey and to specifically represent the Plaintiff in a matter entitled Daniel Ruga, et al. v. HSD Developers, et al, pending in the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. ATL-L-17209-06.

3. As Plaintiff's attorneys, the Defendants owed the Plaintiff a duty to exercise due care in the rendering of legal services, to render such legal services on a timely basis, and to do so zealously and efficiently, to comply with Court Rules, to meet court deadlines, to file the appropriate papers, to attend court hearings, to prosecute the Plaintiff's claims, and to otherwise act diligently to further the objectives of the Plaintiff's litigation.

4. Furthermore, as Plaintiff's attorneys, the Defendants maintained a duty to conduct discovery, to render decisions on a timely basis, to advise the Plaintiff properly, efficiently, and effectively, and to take such actions as would assist the Plaintiff in making appropriate judgments about the outcome and disposition of his case and about the expenditures required for the further prosecution of his case.

5. In addition, as the Plaintiff's attorneys, Defendants maintained a duty to accept only such legal assignments as they were competent to handle, and to make timely notification to the Plaintiff of such assignments as they were not competent to handle and to otherwise advise the Plaintiff and the Court of any circumstances or conditions which prevented them from providing adequate representation of the Plaintiff, and to give such notifications on a timely basis, in such a manner that would not prejudice the Plaintiff or any other party.

6. In addition, as the Plaintiff's attorney, the Defendants maintained a general duty to exercise due care to render legal services competently as civil trial attorneys consistent with the standard of care appropriate in the jurisdiction and in the state and county in which the legal matters were pending at the time and place that the incident matter was pending.

7. Defendants breached their duty of due care and were negligent in rendering legal services to the Plaintiff in one or more ways including, but not limited to the following:

    a.    During the course of the litigation known as Ruga v. HSD Developers, et al., the Defendants in the instant action failed to conduct timely discovery with sufficient speed, efficiency or thoroughness to prepare Mr. Ruga's case for trial, thus leaving Mr. Ruga inadequately prepared to prosecute his case for trial.

    b.    On July 14, 2008, Defendant Annette Oakley failed to appear in Court for the trial of Plaintiff's case, without a credible explanation, causing Plaintiff's case to be dismissed.

    c.    Rather than file a proper and timely motion for reinstatement or for relief from the Dismissal Order following her failure to appear in Court, Defendant Oakley became sidetracked by an application to recuse the trial judge in the underlying litigation and wasted valuable time in a fruitless effort to disqualify the trial judge even after the case had already been dismissed.

    d.    Despite the trial court's continuing invitation to the Defendants to apply for reinstatement the proper way, Defendant Oakley withdrew from representing the Plaintiff, abandoned the case, and sought no further relief without further explanation.

    e.    As late as the fall of 2009, even as Plaintiff retained new counsel and was in the process of attempting to seek reinstatement of his underlying case, Defendant Oakley still refused to produce a copy of Plaintiff Ruga's file.

8. As a direct and proximate result of the negligence of the Defendants aforesaid, Plaintiff was put out of court, suffering the dismissal of his Superior Court action, and barred from recovering damages in his business litigation entitled Ruga v. HSD Developers, et al..

9. In addition, as a result of Defendants' negligence, Plaintiff suffered all of the lost time, expense, and legal fees incurred in the retention of the Plaintiff, and the energy, time, and time value of money expended in the work performed and services rendered in furtherance of the litigation during the period of time that the underlying litigation was pending.

10. As a result of the efforts undertaken in the last year to revive the dismissed litigation in the case of Ruga v. HSD Developers, Plaintiff further incurred additional legal fees including, but not limited to, obligations exceeding $30,000.00 to the attorneys representing the Defendants in the underlying litigation and at least $10, 000.00 to his current attorney in the underlying litigation.

11. As a further result of Defendants' negligence, Plaintiff has suffered damages exceeding $100,000.00, including, but not limited to, lost profits, usage, and goodwill.

12. Defendants' failure to appear for trial was especially egregious, outrageous and extreme, and repugnant to public policy, warranting an award of exemplary damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, individually, jointly, severally and in the alternative, on Count One of this Complaint, for compensatory damages, and punitive damages together with costs, interest and attorneys fees, together with such other and further relief as the Court deems just and appropriate in the circumstances.

## COUNT TWO

1. Plaintiff incorporates herein by reference all of the preliminary allegations of this Complaint together with the allegations set forth in Count One hereof as if they were reiterated hereunder at length.

2. During the course and term of the representation of the Plaintiff by the Defendants herein, Defendant Annette Oakley entrusted one or more of her legal functions and duties to her Pennsylvania-

based law firm, and specifically to her law partner Daniel Scott Perrine, also known as D. Scott Perrine.

3. At all times material hereto, Defendant Oakley knew that Defendant Perrine was not a member of the New Jersey Bar and was not otherwise authorized to practice law, even on a special or temporary basis, in the State of New Jersey.

4. At no time did Ms. Oakley or Mr. Perrine make any arrangements of file any applications seeking to permit Mr. Perrine to obtain authorization to practice law in the State of New Jersey.

5. Nevertheless, Ms. Oakley deferred work to Mr. Perrine, and allowed Mr. Perrine to participate in and to render legal services in connection with the representation of the Plaintiff in the underlying Atlantic County litigation despite his incapacity to practice law in the State of New Jersey and his lack of authority to do so.

6. In so doing, Defendant Oakley negligently entrusted Plaintiff's legal work to a non-lawyer, committing professional malpractice, breaching her fiduciary duty to the Plaintiff, and promoting the unauthorized practice of law in violation of ethical rules and statutes of the Commonwealth of Pennsylvania.

7. Defendant Oakley's negligent entrustment constitutes professional negligence and negligence per se.

8. As a direct and proximate result of Defendant Oakley's negligent entrustment of Plaintiff's legal work, Plaintiff was damaged as more fully described in Count One hereof, and he suffered the financial losses described above.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, individually, jointly, severally and in the alternative, on Count Two of this Complaint, for damages, together with costs, interest and attorneys fees, together with such other and further relief as the Court deems just and appropriate in the circumstances.

## COUNT THREE

1. Plaintiff incorporates herein by reference all of the preliminary allegations set forth above, together with the allegations of Count One and Two hereof as if they were articulated hereunder again at length.

2. Pursuant to the terms of the agreement between the Plaintiff and the Defendants, the Defendants agreed to render legal services to the Plaintiff during the course and term of their legal relationship.

3. Defendants breached the agreement by failing to render those legal services, more specifically by failing to conduct depositions, attend hearings, appear for the trial, and otherwise failing to efficiently and effectively and diligently perform services in furtherance of the objectives sought to be performed by the Plaintiff in the subject litigation.

4. As a consequence of Defendants' breach of the agreement, Plaintiff suffered damages and losses, as described in Count One hereof, from which the Plaintiff has never recovered.

5. Moreover, as a result of the Defendants' breach of the agreement, Plaintiff has incurred incidental and consequential costs, expenses and other losses, including litigation expenses and attorneys fees, all of which should be reimbursed by the Defendants herein.

WHEREFORE, Plaintiff demands judgment against the Defendants, individually, jointly, severally and in the alternative, on Count Three of this Complaint, for damages, together with costs, interest and attorneys fees, together with such other and further relief as the Court deems just and appropriate in the circumstances.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Daniel Ruga, by his attorney, hereby demands a trial by jury as to all counts of this Complaint.

**MARK S. GURALNICK**
*A Professional Corporation*

By: _____

**Mark S. Guralnick, Esq.**
*Attorney for the Plaintiff*

DATED: October 19, 2009